IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,630-01






EX PARTE JOSEPH CUDDIHY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-01-10,620A-A IN THE 24TH DISTRICT COURT


FROM DE WITT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance, cocaine, in an amount less than 28 grams, in a drug free zone, and sentenced
to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that his plea was involuntary due to the ineffective assistance
of counsel because counsel failed to: (1) assist Applicant in making the decision whether to accept
the plea offer; (2) understand and advise Applicant of the consequences of the drug free zone
finding; and (3) inform Applicant that he could enter into an agreement memorandum with the State
to receive a more lenient sentence in exchange for cooperating with law enforcement. The current
habeas record does not include the plea papers but it does reflect that Applicant received the
maximum sentence for the charged offense.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection
and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary due to the ineffective assistance of counsel. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
plea papers, affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition, along with the trial court's findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 7, 2008

Do not publish